641 So.2d 523 (1994)
William R. TINNERMAN and William G. Robinson, Appellants,
v.
PALM BEACH COUNTY, a political subdivision of the State of Florida, Appellee.
No. 91-3291.
District Court of Appeal of Florida, Fourth District.
August 31, 1994.
*524 John Beranek of Macfarlane, Ausley, Ferguson & McMullen, Tallahassee, for appellants.
Robert P. Banks, Asst. County Atty., West Palm Beach, for appellee.
PER CURIAM.
Appellants appeal a final judgment in which the trial court found their temporary taking claim was not ripe for judicial review, and appellants had failed to demonstrate a taking. We affirm on both grounds.
Appellants own a 4.81 acre parcel of property in Palm Beach County, Florida, on Delray West Road (State Road 806). In 1989, appellants petitioned appellee, Palm Beach County, to rezone the property from agricultural residential (AR) to general commercial (GC), with a concurrent special exception to permit a planned commercial development, including an office/warehouse.[1] Appellee's planning and zoning board found the petitioned change in zoning was consistent with the county's comprehensive plan, and recommended approval subject to numerous conditions. Of importance in the instant case is condition 17(a), which read:
In order to comply with the mandatory traffic performance standards the Developer shall be restricted to the following phasing schedule:
a) No building permits other than the 26,040 square feet of office warehouse shall be issued until construction has begun for West Atlantic Avenue from Military Trail to Jog/Carter Road as a 6 lane section plus the appropriate paved tapers currently scheduled for the Fiscal Year 1991-1992.[2]
On April 28, 1989, appellee, through its Board of County Commissioners (board), held a public hearing on appellants' petition. Concerns over increased traffic on Atlantic Avenue were raised at the hearing. Alternate uses for the property were discussed, such as a nursing home, that would generate fewer traffic problems. At one point, some *525 of the commissioners moved to deny the petition so that appellants would have the flexibility to change their plans and come before the board a second time for approval of the alternate plan. However, the board did approve the zoning change petition, but altered condition 17(a) to read as follows:
In order to comply with the mandatory traffic performance standards the Developer shall be restricted to the following phasing schedule:
a) No building permits shall be issued until construction contracts have been let for West Atlantic Avenue from Military Trail to Jog/Carter Road as a 6 lane section plus the appropriate paved tapers.
(Emphasis added).
After the board's decision on April 28, 1989, appellants never sought, through the administrative inquiry process, to have the board reconsider its decision or to have the board assist them in finding other uses for their property. Appellants likewise did not seek a modification or variance to use the property in another way consistent with the code. Finally, appellants did not seek any short-term uses for the property.
On September 27, 1990, a public hearing was held by the board, where a modification of condition 17(a) was approved. The modification allowed appellants to obtain a building permit for the 26,040 square foot warehouse, but stated no other building permits would be issued until construction on Atlantic Avenue had begun. The board also approved the modification at a November 29, 1990, public meeting.
Meanwhile, in August 1989, appellants had filed a complaint in circuit court seeking declaratory relief and recovery for inverse condemnation. One of the issues to be decided involved ripeness. At trial, testimony concerning this issue centered upon whether the April 28, 1989, resolution by the board constituted final action. Ms. Kristin Kern, Executive Director of Palm Beach County Planning, Zoning and Building Department, stated that under applicable zoning regulations, the board has the authority to take final action on zoning matters. Specifically, the vote to approve or deny a petition "is the final action." Appellants' expert witness, Mr. Kieren Kilday, also testified the board takes final action on petitions. Both Kern and Kilday were interpreting the Palm Beach County Code when they discussed "final action."
The trial court found appellants' claim was not ripe for judicial review. A claim is not ripe until the government entity charged with implementing the regulation has made a final decision regarding the application of the regulation to the property. Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985); MacDonald, Sommer & Frates v. Yolo County, 477 U.S. 340, 106 S.Ct. 2561, 91 L.Ed.2d 285 (1986).
The ripeness doctrine serves two functions. First, the doctrine recognizes decisions are subject to change based on input from various and competing interests. It provides for an administrative or political resolution to disputes. Second, the ripeness requirement of a "final decision" enables a court to determine whether a taking has occurred and, if so, its extent. Without a final decision, it is impossible to determine whether the land has retained any reasonable beneficial use, or if expectation interests have been destroyed. Williamson, 473 U.S. at 189-91 n. 11, 105 S.Ct. at 3118 n. 11.
Because the zoning regulations provide that the board's action is "final action," appellants argue the board's decision on April 28, 1989, was a final decision which made their claim for a temporary taking ripe. However, the ripeness requirement of a final decision requires more than procedural finality because it includes an opportunity for government to change its mind. The county zoning regulations provide mechanisms to alter a decision of the board. Although the code is silent on obtaining variances when a use is approved, it provides for such steps as applying for modifications, or abandoning the special use.
After the board's decision on April 28, 1989, appellants took no steps to determine if an alternative development plan would have induced appellee to lift the building permit moratorium. They did not seek a modification *526 or a variance. Also, the regulations provide numerous different uses for property zoned GC, and different levels of development. Appellants sought one of the more intensive uses for their property. They did not attempt to gain approval from the board for a less intense use.
Appellants assert it would have been futile to pursue any of these avenues. Futility is not established until at least one meaningful application has been filed. Glisson v. Alachua County, 558 So.2d 1030 (Fla. 1st DCA), rev. denied, 570 So.2d 1304 (Fla. 1990). Appellant made no attempt to have the board alter its decision. Further, comments made by some of the commissioners suggest they may have been receptive to alternate uses of the property. Appellants' futility argument is purely speculative.[3] The trial court correctly held appellant's claim was not ripe for judicial review.
Despite finding appellants' claim not ripe, the trial court went on to find appellants failed to demonstrate a taking. A temporary taking can occur when government action deprives a landowner of all use of his or her property. First English Evangelical Lutheran Church v. County of Los Angeles, 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987); Lucas v. South Carolina Coastal Council, 505 U.S. ___, 112 S.Ct. 2886, 120 L.Ed.2d 798 (1992). A taking occurs when the property owner is deprived of all economically viable use of the land. Agins v. City of Tiburon, 447 U.S. 255, 100 S.Ct. 2138, 65 L.Ed.2d 106 (1980).
In the instant case, the condition imposed upon appellants delayed the issuance of building permits for their specifically approved project. It was not a denial of the myriad of other permitted uses or special exceptions that might have been available under the county's zoning code. Also, appellants had temporary uses for the property available to them, such as a newsstand or nursery, which generally do not require building permits.[4] Despite the restriction on building permits, appellants had other uses of the land available to them. They have not demonstrated such uses were not economically viable.
It is at this point that the ripeness requirement and the taking analysis merge. Ripeness requires a firm delineation of permitted uses so that the extent of the taking can be analyzed. Given that appellants failed to pursue any alternative uses of their land, either temporary in nature or less intensive development, the extent of the taking cannot be determined. We are left to speculate as to what actions the county would have taken had appellants pursued available alternatives. The trial court properly found appellants failed to demonstrate a taking.
The fact that appellants have not established they were denied all use of their property distinguishes the instant case from this court's recent decision in Alexander v. Town of Jupiter, 640 So.2d 79 (Fla. 4th DCA May 11, 1994). In Alexander, the property owner was prohibited from using her land for any purpose. The town would not even issue a permit to clear trees for a survey of the property. Id. at 82. The landowner was informed that no permits of any type would be issued by the city due to an inconsistency between the town's land use plan and the zoning ordinances. Id. In the instant case, the condition merely postponed appellants' specific, desired use. It did not deny appellants all use of their property. Appellants had many options available to them for the use of their property despite the moratorium *527 on building permits, but chose not to pursue them.[5]
AFFIRMED.
GUNTHER, STEVENSON, JJ., and MICKLE, STEPHAN P., Associate Judge, concur.
NOTE: GUNTHER, J., did not participate in oral argument but has reviewed the presentation made at that proceeding.
NOTES
[1] Appellants had made two previous applications for zoning changes in 1985, which were denied due to concerns over traffic. Appellants secured a writ of certiorari from a trial court, which ordered the board to grant appellants' zoning requests. The decision of the trial court was reversed on appeal.
[2] Delray West Road and Atlantic Avenue are apparently names for the same road.
[3] Resolution Trust Corp. v. Town of Highland Beach, 18 F.3d 1536 (11th Cir.1994), can be distinguished from the instant case. In Resolution Trust the court stated in most cases a developer would have to apply for a variance to determine what use would be allowed. Id. at 1547. However, such action would have been futile in that case given the fact the town informed the landowner its proposed project was "dead" and the town had "settled on a final use." Id. at 1546-47. In the instant case, the facts do not demonstrate the board had settled on a final use.
[4] These temporary uses were not listed in the county code until July 24, 1990. However, allowing temporary uses was a policy of the county, and the ordinance which listed these uses as permitted in a general commercial zoned area "codified an existing policy."
[5] Lucas, 505 U.S. at ___, 112 S.Ct. 2886, can be factually distinguished from the instant case as well. In Lucas, the law prevented the building of any permanent structures on the property. In the instant case, the condition delayed appellants' building their desired structure. As noted above, it is not established that appellants were prohibited from building any structure on their property. Had appellants sought alternative uses, or approval for less intensive development plans, and been denied, their argument that the condition allowed no use of any kind may have been persuasive. As it is, however, it is impossible to determine whether appellants were denied all use of their land as was the property owner in Lucas.