644 So.2d 525 (1994)
Eula M. HECKMAN, Freddie K. Heckman, Allan W. Heckman, and J & H Salvage and Storage Yards, Inc., Appellants,
v.
CITY OF OAKLAND PARK, a municipal corporation, Appellee.
No. 92-3580.
District Court of Appeal of Florida, Fourth District.
September 14, 1994.
Rehearing and Clarification Denied October 25, 1994.
Richard F. Hussey of Hussey & Hussey, Fort Lauderdale, for appellants.
Donald J. Doody of Josias & Goren, P.A., Fort Lauderdale, for appellee.
POLEN, Judge.
The appellants, collectively referred to as the Heckmans, appeal a summary final judgment in favor of appellee City of Oakland Park (City), entered on the basis that all of appellants' claims were barred by the statute of limitations. The parties agree that the four-year statute of limitations provided by section 95.11(3)(p), Florida Statutes (1991) applies. The issue before us is when the four-year period began to run. We affirm in part and reverse in part.
The litigation below began as a condemnation suit brought by the Florida Department of Transportation (DOT) to condemn a portion of land on one of three adjoining parcels owned by the Heckmans in Oakland Park, Broward County, Florida. The DOT needed the land for a drainage easement. The Heckmans countersued for an inverse condemnation as to a separate seven-foot strip it had previously conveyed to the City. The *526 Heckmans sought leave to file a cross-claim against the City in the condemnation suit, which leave was granted on June 5, 1992.[1] (We are unable to find in the record an original cross-claim filed as of June 5, 1992. A second amended cross-claim contains a September 1992 date of service. However, for purposes of our statute of limitations analysis, we will consider the June 5, 1992 date as the date the Heckmans' cross-claims against the City were asserted in state court.)
The City contended, and the trial court agreed, that the statute of limitations for all of the Heckmans' claims against the City began to run as of February 17, 1988. On that date, the City passed a resolution to the effect that the Heckmans could either dedicate the seven-foot strip to the City, or else they would have to apply for and obtain plat approval for a proposed indoor gun range on their adjoining parcel. The City apparently thought that by obtaining the seven-foot strip in this fashion, they could convey it to the DOT, and thus expedite the widening of that portion of Dixie Highway. The Heckmans objected because the seven-foot strip was not on the same parcel on which they sought to build the gun range; however, they acceded to the City's demands, and conveyed the seven-foot strip in exchange for waiver of the platting requirement. Later, the City did in fact convey the seven-foot strip to the DOT, all before the above-referenced condemnation proceedings were instituted. Hence the City argued that the date of their resolution, February 17, 1988, was the date the Heckmans' cause of action, if any, arose. By filing their cross-claims on June 5, 1992, the Heckmans were beyond the four year statute of limitations.
The Heckmans responded that it was not the date of the City's resolution, but rather the date they deeded the seven foot parcel to the City, from which the statute would run. There are also conflicting arguments as to the date of that deed. The City argues that the Heckmans executed a required Unity of Title Agreement on February 18, 1988, and a quitclaim deed dated February 25, 1988. Because of an incorrect legal description, a corrected deed had to be executed. The Heckmans refer to the date of this corrected deed as being June 9, 1988 (within 4 years of June 5, 1992), while the City maintains the date is June 1, 1988.
Moreover, the Heckmans argue that the last element necessary for their cause of action to accrue did not occur until October 20, 1988, when the City's Chief Code Enforcement Officer sent them a letter that the City refused to allow a transfer of their junkyard license from Parcel C to Parcel A.
We agree with the City's position as it pertains to Counts I and II of the Heckmans' cross-claim, that the causes of action accrued at the time of the City's resolution on February 17, 1988. There is no dispute that a cause of action accrues when the last element necessary to constitute the cause of action occurs. Birnholz v. Blake, 399 So.2d 375 (Fla. 3d DCA 1981); § 95.031(1), Fla. Stat. (1991). Both Counts I and II are based, in part, on alleged violations of 42 U.S.C. § 1983. Both counts seek injunctive relief and damages; both allege that the actions taken by the City were "arbitrary and capricious." Although the Heckmans try to point to the action of the City Chief Code Enforcement Officer (without alleging any operative date) as being the event that gives rise to their claims, when reading all the allegations of these counts, it is clear that the operative date from which the Heckmans' claimed damages arose was that of the City's February 17, 1988 resolution. See Airport Sign Corp. v. Dade County, 400 So.2d 828 (Fla. 3d DCA 1981).
Next, the Heckmans argue that regardless of when their cause of action accrued, the period of the statute of limitations should be tolled during the time they were pursuing these claims against the City in federal court. The Heckmans sued the City in federal court on some or all of these claims in 1989. These claims were dismissed by the federal court in April 1992, some with prejudice *527 and some without prejudice. We reject the Heckmans' contention that the statute of limitations was tolled during the federal court proceedings. The Heckmans were free to choose the forum in which they sought to litigate these claims. They cannot now argue a tolling of a state court statute of limitation because of their voluntary but improvident foray into the federal arena. We are equally unpersuaded that the trial court here should have applied the doctrine of equitable tolling. Thus we affirm the trial court's summary final judgment as to Counts I and II of the Heckmans' cross-claim as being filed beyond the statute of limitations.
Turning our attention to Count III of the cross-claim, we reach a different result. This count, although alleging violations of 42 U.S.C. § 1983 like I and II, alleges a cause of action for taking of real property by the City without just compensation. Because this count focuses on the actual transfer of the seven-foot parcel to the City, and what, if anything, the Heckmans received in compensation from the City (not the DOT), the date of the deed from the Heckmans would trigger the running of the statute. There appears to be a material issue of fact which would preclude the granting of a summary final judgment as to Count III. See Moore v. Morris, 475 So.2d 666 (Fla. 1985). The Heckmans allege in Count III the corrected quitclaim deed was executed on June 9, 1988  within four years of June 5, 1992. Despite the City's insistence the date was June 1, 1988, a factual issue persists. We reverse the summary final judgment as to Count III of the cross-claim, and remand for further proceedings.
GUNTHER and STONE, JJ., concur.
NOTES
[1] The verdict in the original condemnation proceedings brought by the DOT is the subject of a separate appeal in this court, under case number 93-0978. Our decision today has no bearing on that separate appeal.