656 So.2d 581 (1995)
The CITY OF JACKSONVILLE BEACH, The City of Jacksonville Beach Community Redevelopment Agency, Appellants,
v.
Marcus J. PROM, Appellee.
Nos. 93-3702, 93-3703.
District Court of Appeal of Florida, First District.
June 20, 1995.
*582 Stephen Stratford and William S. Graessle, Jacksonville, for appellant City of Jacksonville Beach.
Cindy A. Laquidara, and Mary J. Perry of Mahoney Adams & Criser, P.A., Jacksonville, for appellant City of Jacksonville Beach Community Redevelopment Agency, for appellants.
Mark G. Pennington, Michael J. Korn, and David M. Layman, of Prom, Korn & Zehmer, P.A., Jacksonville, for appellee.
PER CURIAM.
The appellants (City) appeal the determination by the trial judge that actions of the City resulted in a regulatory taking of Mr. Prom's undeveloped property. We reverse.
Prom acquired the six lots at issue between 1984 and 1985. The property was, and still is, zoned for single-family dwellings. Prom, a builder, purchased the lots with the intent to construct single-family homes for resale. In 1987, the City adopted the Southend Redevelopment Plan which provides that a portion of the subdivision within which the property is located is to be reassembled into one ownership and developed as a limited commercial office park. The Redevelopment Plan divided the projects into phases which were to be implemented from 1989 through 1991. In 1990, the City adopted its 2010 Comprehensive Plan, which incorporated the Redevelopment Plan.
In August of 1991, Prom submitted plans and specifications to the City for permits to construct single family homes on his property. The applications were forwarded to Stephen Lindorff, the City's Planning and Development Director. Lindorff responded by letter that the Redevelopment Plan and the 2010 Comprehensive Plan restricted development of the property to a unified project. Prom then filed an action in circuit court. Count I of the complaint sought issuance of a writ of mandamus or a mandatory injunction to force the City to grant his permit applications. Count II alleged that the refusal to issue the permits deprived him of all economically reasonable use of his property and constituted a taking.
The City asserted as affirmative defenses that Prom was barred from seeking the relief requested because he failed to seek modification of the Comprehensive Plan and Redevelopment Plan through the amendment procedures. The trial judge struck these affirmative defenses. The City then filed an offer of judgment, offering to process Prom's applications without regard to the Redevelopment Plan and to pay his costs incurred in the proceeding. The trial judge entered an order striking the offer of judgment. Motions for partial summary judgment and summary judgment were also denied. The basis for the trial judge's rulings was his determination that the City could not legally issue the permits because sections 163.3161 et seq., Florida Statutes, require all zoning and development orders to be consistent with local comprehensive plans.
The trial judge subsequently issued an order of taking. The trial judge rejected the argument that Prom failed to exhaust applicable administrative remedies, noting that the comprehensive plan was adopted by a legislative act of the city council and no administrative agency has the power or authority to modify the plan once adopted. We disagree. The Local Government Comprehensive Planning and Land Development Regulation Act clearly provides that the planning program shall be a continuous and ongoing process, with the local planning agency assessing and evaluating the success or failure of the comprehensive plan, or elements or portions of the plan by examining such factors as comprehensive plan objectives as compared with actual results and unforeseen problems and opportunities. The Act sets forth procedures for amending a comprehensive plan and recognizes that an *583 individual may request an amendment. §§ 163.3181; .3184; .3187;.3191, Fla. Stat. (1991). The City's Land Development Code (LDC) provides that the city council has the power to initiate, hear, consider and approve, approve with conditions, or deny applications to amend the text of the comprehensive plan or the future land use map of the comprehensive plan. The LDC provides that the planning commission serves as the local planning agency and has the power to initiate, review, hear, consider and make recommendations to the city council regarding amendments to the comprehensive plan. The LDC further provides that site specific comprehensive plan amendments may be proposed by the city council, the planning commission, the planning and development director, or the owner or another person having a contractual interest in land to be affected by a proposed amendment. There is no support in the record that such action would be futile.
The City also argues that the trial judge erred in determining that the City could not legally issue single-family permits to Prom because that would be inconsistent with the comprehensive plan. Although section 316.3194, Florida Statutes (1991), appears to support the trial judge's determination, case law in this area must also be considered. In Board of County Commissioners of Brevard v. Snyder, 627 So.2d 469 (Fla. 1993), the supreme court quoted prior decisions stating that comprehensive plans are intended to provide for the future use of land and that the present use of land may, by zoning ordinance, continue to be more limited than the future contemplated by the comprehensive plan. The supreme court noted:
Even where a denial of a zoning application would be inconsistent with the plan, the local government should have the discretion to decide that the maximum development density should not be allowed provided the governmental body approves some development that is consistent with the plan and the government's decision is supported by substantial, competent evidence.
627 So.2d at 475. Although the prior decisions in this area generally deal with a landowner requesting rezoning to allow a more intensive use than the current zoning based on future use of the property contemplated in the comprehensive plan, it appears that the same result would be appropriate in the present circumstance. Although the comprehensive plan contemplates development of a commercial office, the mere adoption of the plan does not automatically render any other use inconsistent. When there is no current plan to implement the more intensive use permitted by the comprehensive plan, the governmental body should be permitted to approve development consistent with current zoning.
The order of taking is reversed and the matter is remanded for further proceedings.
BARFIELD, LAWRENCE, and VAN NORTWICK, JJ., concur.