664 So.2d 333 (1995)
John McKee, III, as Personal Representative of the Estate of John McKee, Jr., Deceased, Appellant,
v.
CITY OF TALLAHASSEE, a municipal corporation, organized under the laws of the State of Florida, Appellee.
No. 95-1253.
District Court of Appeal of Florida, First District.
December 14, 1995.
*334 Charles R. Gardner and Bruce I. Wiener of Gardner, Shelfer, Duggar & Bist; P.A., Tallahassee, for Appellant.
James R. English and Linda R. Hurst, City Hall, for Appellee.
PER CURIAM.
John McKee, III, as personal representative of the estate of John McKee, Jr., appeals a final judgment dismissing on ripeness grounds the estate's inverse condemnation action which sought to establish a taking of the estate's property based on the development restrictions imposed by the classification of the property as successional forest under the City's comprehensive plan and Environment Management Ordinance and on the denial by the City's Environmental Variance Board of a variance from the development restrictions. Because competent, substantial evidence supports the conclusion of the trial court that the inverse condemnation action was not "ripe," we affirm.
We agree with the trial court that the record establishes that the City's variance denial did not constitute a "final decision" regarding the type and intensity of the development that will be permitted on the property, Glisson v. Alachua County, 558 So.2d 1030, 1035-1036 (Fla. 1st DCA), rev. denied, 570 So.2d 1304 (Fla. 1990); City of Jacksonville v. Wynn, 650 So.2d 182, 187 (Fla. 1st DCA 1995). In addition, because McKee's variance application did not include a required development plan or address the three ordinance criteria for a variance and, therefor, could not constitute a "meaningful application," McKee cannot now establish that any further attempts to obtain a City permit for economic use of the property would be futile. Glisson, 558 So.2d at 1036; Tinnerman v. Palm Beach County, 641 So.2d 523 (Fla. 4th DCA 1994). Thus, McKee has not satisfied the ripeness requirements to bringing this action.
In reaching our conclusion that the futility doctrine does not apply here, we place great weight on the numerous assurances by City officials in the record that a subsequent variance application properly drawn and presented, including a development plan, would be given favorable consideration. See e.g., Tinnerman, 641 So.2d at 526. See also, City of Jacksonville Beach v. Prom, 656 So.2d 581 (Fla. 1st DCA), cause dismissed, 661 So.2d 825 (Fla. 1995). Further, because the substantial cost of the preparation of a complete development plan, $28,000 to $50,000 according to this record, might well exceed the value of the property under the uses allowed by the City's ordinance,[1] we also place weight on representations made at oral argument that the City will initially work with the property owner's conceptual development plan to minimize the regulatory expense.
AFFIRMED.
JOANOS, MICKLE and VAN NORTWICK, JJ. concur.
NOTES
[1] Neither we nor the trial court have been presented with the issue of whether the maximum use allowed by the city ordinance would nevertheless be so limited as to constitute a taking.