849 So.2d 363 (2003)
Robert Lee CLAY, James and Maria A. Kelly, Co-trustees of the James F. Kelly 1997 Family Trust and Edward Mauceri, John A. and Susan L. Maitner, John K. Moyant and Lichiung Moyant, and Kenneth J. Neuman, Appellants,
v.
MONROE COUNTY, Florida, Appellee.
No. 3D01-2280.
District Court of Appeal of Florida, Third District.
May 14, 2003.
Rehearing Denied July 9, 2003.
*364 Greenman & Manz and Franklin D. Greenman, Marathon, for Appellants.
Morgan & Hendrick and Karen K. Cabanas, for Appellee.
Frank A. Shepherd, Pacific Legal Foundation as Amicus Curiae.
Before SCHWARTZ, C.J., and COPE and LEVY, JJ.
COPE, J.
This is an appeal from the trial court's denial of a petition for writ of mandamus and other relief. We affirm.

I.
The petitioners-appellants are owners of residential lots in improved subdivisions on Big Pine Key in Monroe County. Each applied for a building permit to construct a single family residence. In each case, Monroe County approved the building permit application. The property owners then made application under the Monroe County Rate of Growth Ordinance ("ROGO") for an allocation which is required for the actual issuance of the building permit. See Monroe County Land Development Regulations § 9.5-120 et seq. Each owner received the required ROGO approval.
In the period 1996-98, each owner received a letter from the Monroe County Director of Planning advising that no building permit would be issued because of the concurrency requirements contained in the Land Development Regulations. The stated reason was:
Pursuant to Sections 9.5-291 and 9.5-292 of the Land Development Regulations, the Growth Management Department has been directed by the Board of County Commissioners to not issue building permits for all traffic generating development within the Big Pine Key Area due to the inadequate level of service on U.S. 1. The Planning Department will hold your allocation until the Level of Service on U.S. 1 through Big Pine [Key] reaches standard "C" or another agreement providing relief from the concurrency requirements is entered into between the County and the Department of Community Affairs (DCA).
The sixty day period during which an applicant must pick up the building permit after an allocation is issued will be put on hold until such a time comes when you are notified by the Planning Department to pick up your permit.
Standards for levels of service have been developed for U.S. Highway 1 based on methodology developed by the U.S. 1 Level of Service Task Force. Monroe County Land Development Regulations prohibit the issuance of building permits "unless the proposed use is or will be served by adequate public or private facilities." Monroe County Land Development Regulation § 9.5-291. As relates to transportation on Big Pine Key, the definition of an adequate level of service is "C." At the times pertinent here, the level of service *365 on U.S. 1 in Big Pine Key was evaluated as "D" or worse.
In 1999, the owners filed their action against Monroe County, seeking a writ of mandamus requiring issuance of their building permits. The owners also requested a declaratory judgment and damages for permanent and temporary takings of their land, owing to the withholding of the building permits.
The trial court ruled in favor of Monroe County, and the owners have appealed.

II.
While this case was pending on appeal, Monroe County initiated a proceeding before a special hearing officer for a beneficial use determination on behalf of the owners of the twenty-one properties on Big Pine Key which had been held in abeyance because of the substandard service level on U.S. Highway 1. Relying on the County's ROGO ordinance, the County requested a ruling authorizing the issuance of building permits to the twenty-one adversely affected owners. The special master recommended that the relief be granted, and in June 2002, the County Commission unanimously approved the special master's recommendation.
Monroe County argues that as a result of the County Commission's action, this part of the appeal has become moot. The County reasons that upon compliance with the specified conditions approved by the County Commission, the permits will be issued.
The owners maintain that the matter is not moot and ask this court to direct that a writ of mandamus be issued. The owners appear not to quarrel with most of the conditions, but do take issue with condition 2, which states:
If required, each property owner shall obtain a letter of coordination from the U.S. Fish and Wildlife Service and submit it to the Building Department prior to issuance of the building permit, unless the Habitat Conservation Plan for Big Pine Key is approved and eliminates this requirement.
As the County explained in its application to the special master, thirteen of the twenty-one properties are "required to obtain an environmental coordination letter from the U.S. Fish and Wildlife Service prior to permit issuance." This derives from the federal agency's jurisdiction under federal law.
It should go without saying that this court cannot override the jurisdiction of the U.S. Fish and Wildlife Service established under federal law. Condition 2 is appropriate and there is no legal basis on which we can override the jurisdiction of the federal agency. We conclude that the County Commission's action has rendered moot that part of the case in which the owners requested issuance of a writ of mandamus and for that reason we affirm the denial of mandamus relief.

III.
The owners request that we reverse the portion of the trial court order which rejected their damages claim, and remand it for further proceedings. We decline to do so, and agree with the trial court's rejection of that claim.
Where an owner is aggrieved by a land use ruling, the owner must exhaust the administrative remedies which are reasonably available before initiating a taking claim. Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City, 473 U.S. 172, 186-94, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985); Hodel v. Virginia Surface Minning & Reclamation Association, Inc., 452 U.S. 264, 297, 101 S.Ct. 2352, 69 L.Ed.2d 1 (1981); Agins *366 v. City of Tiburon, 447 U.S. 255, 260, 100 S.Ct. 2138, 65 L.Ed.2d 106 (1980); Galaxy Fireworks, Inc. v. City of Orlando, 842 So.2d 160, 164(Fla. 5th DCA 2003); Lost Tree Village Corporation v. City of Vero Beach, 838 So.2d 561 (Fla. 4th DCA 2002); Tinnerman v. Palm Beach County, 641 So.2d 523, 526 (Fla. 4th DCA 1994).
It appears that there were two avenues of administrative relief available to the owners. The Florida Statutes allow certain exceptions from concurrency requirements dealing with transportation facilities. § 163.3180(5)(a), Fla. Stat. (1997). This includes the allowing of a de minimis impact. Id. § 163.2180(6).
Effective in 1997, the concurrency statute stated that "an impact of a single family home on an existing lot will constitute a de minimis impact on all roadways regardless of the level of the deficiency of the roadway." Id.[*]See ch. 97-253, § 1, Laws of Fla. Thus, the owners had an avenue of potential relief but no request for relief under subsection 163.3180(6) was made.
Beyond that, subsection 163.3180(11), Florida Statutes, provides a specific procedure whereby local government can allow a landowner to proceed with development notwithstanding the failure to satisfy transportation concurrency, when a five-part test is met. Here too, the owners had an avenue for relief which was not pursued. Consequently, damages may not now be sought on the theory that there has been a temporary or permanent taking.

IV.
The owners argue that there was an unlawful delegation of legislative authority to the director of planning, insofar as he advised the owners that the building permits could not be issued on account of the deficiencies in U.S. Highway 1 on Big Pine Key. We agree with Judge Taylor that the planning director simply enforced the Land Development Regulations as written, and that there was no unlawful delegation.
The owners argue that each year when the level of service report was received by the County relating to U.S. Highway 1, the report had to be adopted by the County as an ordinance. We see no basis for that assertion and agree with trial court's rejection of it.
The owners argue that the refusal to issue building permits on Big Pine Key on account of the concurrency problem amounted to a change of the map designation of the land on Big Pine Key or amounted to a building moratorium, which had to be adopted as ordinances. Again, we agree with the trial court in rejecting this claim. The Planning Director acted pursuant to an already existing ordinance which established the concurrency requirements.

V.
For the stated reasons, the trial court's order is affirmed.
NOTES
[*] There was, however, an exception to this exception stating that "no impact will be de minimis if it would exceed the adopted level of service standard of any affected designated hurricane evacuation route." Id.