DAVIS, Judge.
 

 Andrew Krause and David Bautsch (Appellants) challenge the final judgment entered after the trial court granted Textron Financial Corporation’s motion to dismiss based on its conclusion that Appellants’ claims were barred by the statute of limitations. We affirm.
 

 Appellants purchased separate memberships in the Twin Eagles Golf and Country Club in 1997. The membership fee paid by each was $52,000. The terms of the Twin Eagles’ membership agreement provided that if a member resigned his or her membership, Twin Eagles would sell that membership to a third party and the resigning member would be entitled to ninety percent of the resale price.
 

 In July 1998, Textron provided financing to Twin Eagles and its affiliates. As collateral for the loan, Textron received a security interest in Twin Eagles’ assets, including the club’s previously unsold new memberships. Pursuant to the financing agreement between Textron and Twin Eagles, only one out of every three memberships sold by Twin Eagles could be a resale of a resigned membership.
 

 In the spring of 1999, Appellants resigned as members of Twin Eagles and returned their memberships for resale. By the terms of their membership agreements, Appellants were entitled to ninety percent of the proceeds generated by the resale of their memberships as a reimbursement from Twin Eagles. However, upon resale of Appellants’ memberships, Twin Eagles paid all of the proceeds to Textron in partial satisfaction of its loan obligation, thereby denying Appellants the payments to which they were entitled. Within months of these resales, Twin Eagles filed for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida.
 

 
 *210
 
 Appellants filed an adversary proceeding in the bankruptcy case, alleging that Twin Eagles had improperly paid all of the proceeds from the resale of their resigned memberships to Textron prior to its filing of the petition for relief in the bankruptcy court.
 
 [1]
 
 In count one, Appellants sought declaratory relief against Twin Eagles, and in count two, they asked for the imposition of a constructive trust against any of the remaining proceeds realized from the resale of golf memberships or, in the alternative, “in Textron’s secured claim to the extent the membership sale proceeds [were] used by [Twin Eagles] or encumbered with [Twin Eagles’] permission by Textron’s secured claim.”
 

 On August 15, 2000, the bankruptcy court entered an order confirming the Chapter 11 plan filed by Twin Eagles. The bankruptcy court also determined that Textron had a valid claim against Twin Eagles for an amount in excess of $17 million and that the claim had been fully satisfied by the proceeds of the sale of Twin Eagles’ assets pursuant to the bankruptcy plan. The order further concluded that Textron did not have any further claims against Twin Eagles or its affiliates.
 

 In 2002, Textron moved for summary judgment as to count two of Appellants’ complaint. The bankruptcy court granted the motion, and Appellants attempted to appeal; however, since count one remained pending, the appeal was dismissed. Accordingly, on May 16, 2005, Appellants voluntarily dismissed with prejudice the remaining count of them complaint against Twin Eagles and pursued them appeal of the summary judgment of count two against Textron.
 

 Sitting in its appellate capacity, the Middle District Court of Florida vacated the final judgment, determining that the bankruptcy court erred in granting summary judgment. However, the district court went on to determine that count two against Textron should have been dismissed because the bankruptcy court lacked subject matter jurisdiction regarding the issues alleged in count two. Specifically, the district court ruled that since the complaint alleged that the proceeds of the membership resales were not in the hands of bankruptcy petitioner Twin Eagles, the disposition of the complaint would have no impact on the bankruptcy estate and that therefore the bankruptcy court had no jurisdiction to order a constructive trust over those assets. The contest was between two third-party creditors and did not involve the debtor’s estate.
 
 [2]
 
 Additionally, the district court found the claim against Textron in count two to be “a non-core, unrelated proceeding.”
 
 See In re Gallucci,
 
 931 F.2d 738, 741 (11th Cir.1991) (“[B]ankruptcy courts ... may not entertain cases involving noncore, unrelated matters.”).
 

 Appellants then filed suit against Tex-tron in the Circuit Court for the Twentieth
 
 *211
 
 Judicial Circuit in and for Collier County, Florida. By that complaint, they requested the imposition of a constructive trust against the funds that Textron improperly received from Twin Eagles and a judgment against Textron on the theory of unjust enrichment. Textron moved to dismiss the complaint, arguing that the statute of limitations barred these claims. Appellants argued that the statute of limitations was tolled by the application of federal law and that their claims were timely. The trial court concluded that the claims were filed outside the five-year state law limitations provision found in section 95.11(2)(b), Florida Statutes (2005), and that the federal tolling provisions did not apply to these facts. The trial court entered its final judgment in favor of Tex-tron, and Appellants now challenge that judgment.
 

 We first note that we agree with the trial court that Appellants’ claims are barred by the statute of limitations provision found in section 95.11(2)(b). Accordingly, the sole issue before this court is whether the limitations period on Appellants’ state law claim was tolled under the federal statute because it was brought with the Federal bankruptcy claim. Federal law provides for the tolling of the statute of limitations under certain circumstances:
 

 The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.
 

 28 U.S.C. § 1367(d). Section 1367(a) states that when the federal court has original jurisdiction in a civil action, the same court has supplemental jurisdiction over other claims that are “related to” the controversy involved in the action for which there is original jurisdiction.
 

 In applying these provisions to the facts of this case, we agree that count one of Appellants’ complaint in the bankruptcy case did allege a claim cognizable in bankruptcy court, that is the seeking of a declaratory decree as to their and Twin Eagles’ rights to the proceeds of the resale of the resigned golf memberships and, in the alternative, their rights “in the combined bankruptcy estates of the instant bankruptcy cases and for such other and further relief as this court deems just and proper.” Clearly, Appellants were seeking relief against the bankrupt Twin Eagles and the estate being managed in the bankruptcy proceedings. However, Appellants voluntarily dismissed this claim with prejudice on May 16, 2005.
 

 Appellants’ claim in count two was, as found by the district court, a state law claim against Textron. Textron was not the bankrupt party subject to the Chapter 11 proceedings, and as determined by the district court, the bankruptcy court had no jurisdiction over Textron or its assets. At best, this claim may have been subject to the supplemental jurisdiction of the bankruptcy court pursuant to 28 U.S.C. § 1367(a).
 

 For the federal court to have supplemental jurisdiction over the state law claim, the claim must be “related to” the original federal claim such that it is a “part of the same case or controversy.” 28 U.S.C. § 1367(a). The test for determining whether one claim is “related to” another has been articulated as “whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.”
 
 Pacor, Inc. v. Higgins,
 
 743 F.2d 984, 994 (3d Cir.1984) (emphasis omitted),
 
 implied ovemiling on other grounds recognized by Donaldson v.
 
 
 *212
 

 Bernstein,
 
 104 F.3d 547, 553 n. 1 (3d Cir.1997).
 

 Here, the federal district court determined that the state claim filed in the bankruptcy proceeding against Textron was not sufficiently “related to” the claim against Twin Eagles. The court pointed out that even if the relief requested in count two was granted, it would not impact the bankruptcy estate. This ruling was not appealed and is determinative of this issue. Because this claim against Textron was not “related to” the claim against Twin Eagles, it is not entitled to the federal court’s supplemental jurisdiction and the tolling provision found in 28 U.S.C. § 1367(d) does not apply. As such, the trial court was correct to dismiss the claim, which was filed beyond the five-year statute of limitations period found in section 95.11(2)(b).
 
 See Heckman v. City of Oakland Park,
 
 644 So.2d 525, 527 (Fla. 4th DCA 1994) (“The Heckmans were free to choose the forum in which they sought to litigate these claims. They cannot now argue a tolling of a state court statute of limitation[s] because of their voluntary but improvident foray into the federal arena”).
 

 As to Appellants’ state court claim against Textron for unjust enrichment, we agree that because this claim was not part of the bankruptcy complaint, the provisions of 28 U.S.C. § 1367(d) do not apply and that this claim is also barred by the statute of limitations.
 

 Affirmed.
 

 KHOUZAM and CRENSHAW
 
 [3]
 
 , JJ., Concur.
 

 [1]
 

 . This was confirmed by deposition testimony taken during the discovery phase of the adversary proceeding. The trial court’s order granting Textron's motion to dismiss made a finding that at the time of the filing of the complaint in bankruptcy court, Appellants did not know which entity had possession of the resale proceeds; however, the complaint alleged that "upon information and belief,” Twin Eagles had transferred the funds to Tex-tron prior to the commencement of the Chapter 11 proceedings.
 

 [2]
 

 . The district court’s order and opinion first resolved the question of whether that court had jurisdiction to consider the appeal. Much of the opinion was given to the issue of appellate jurisdiction, with only a portion devoted to the bankruptcy court’s jurisdiction to consider count two of the complaint. Since Appellants voluntarily dismissed count one with prejudice, the opinion did not discuss jurisdictional issues related to that claim.