CANADY, C.J.,
dissenting.
Because I conclude that there is no express and direct conflict warranting the exercise of our jurisdiction under article V, section 8(b)(3), Florida Constitution, I dissent.
The holding in the Second District Court of Appeal’s decision in Krause v. Textron Financial Corp., 10 So.3d 208, 212 (Fla. 2d DCA 2009),,was as follows: - “Because this [constructive trust] claim against Textron was not ‘related to’ the claim against Twin Eagles, it is not entitled to the federal court’s supplemental jurisdiction and the tolling provision found in 28 -U.S.C. § 1367(d) does not apply.” The decision in Krause thus turned on whether the state claim at issue fell within the scope of the section 1367(a) provision for supplemental jurisdiction over “claims that are so related to claims in the action within [a district court’s] original jurisdiction that they form part of the same case or controversy.”
*1092 In Scarfo v. Ginsberg, 817 So.2d 919, 920 (Fla. 4th DCA 2002), however, the court addressed an argument by the defendant that the “plaintiffs federal claim was dismissed for lack of federal subject matter jurisdiction and therefore the tolling provision in section 1367(d) is inapplicable.” The Scarfo court rejected this argument and held that the tolling provision applied. The Scarfo decision makes no mention of any argument that the state law claim at issue was not related to the federal law claim. Instead, Scarfo assumes—without expressly deciding—that the state law claims were related to the federal claims.
The question at issue in Scarfo—that is, the impact on the operation of the tolling provision of the lack of federal subject matter jurisdiction over the plaintiffs federal claim—was not a question at issue in Krause. Indeed, the Krause court specifically recognized that the “complaint in the bankruptcy case did allege a claim cognizable in bankruptcy court.” 10 So.3d at 211.
In sum, the application of the “related to” requirement of section 1867(a) was dis-positive in Krause but was not at issue in Scarfo. There is thus no express and direct conflict between Krause and Scarfo.
Express and direct conflict is similarly lacking with respect to Blinn v. Florida Department of Transportation, 781 So.2d 1103, 1104-05 (Fla. 1st DCA 2000), a decision which turned on whether the tolling provision of section 1367(d) is operative where “the plaintiff voluntarily dismisses the case” or is instead limited to circumstances where “a federal district court dismisses a claim after declining to exercise supplemental jurisdiction.” The Blinn court held that the tolling provision applied even though the federal case had been voluntarily dismissed. Id. at 1108. Once again, unlike Krause, there was no issue in Blinn concerning whether the state claims were related to the federal claims as required by section 1367(a). And, although the federal claim in Krause had been voluntarily dismissed, that circumstance was not relied on as a basis for the decision of the Second District in Krause rejecting application of the tolling provision.
Since there is no basis for the exercise of jurisdiction, this case should be dismissed.