435 So.2d 954 (1983)
John L. GRADY, Appellant,
v.
Wade SCAFFE, Appellee.
No. 82-2381.
District Court of Appeal of Florida, Second District.
August 5, 1983.
Robert J. Coleman, Fort Myers, for appellant.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellee.
DANAHY, Judge.
The appellant, the plaintiff below in this defamation action, appeals from an order dismissing his complaint with prejudice. We affirm.
For purposes of this appeal we look, of course, only at the allegations contained in the complaint. These reflect that the appellant is the developer of Suncoast Estates, a residential development in Lee County. The appellee is a member of the Lee County Board of County Commissioners. The allegedly slanderous remarks of the appellee occurred at a meeting of the County Commission following the presentation to the Commission of an application by a Suncoast Estates homeowner for a permit allowing the owner to move a mobile home onto her lot. Prior to voting on the request, the members of the Commission discussed the application of the Lee County subdivision regulations to Suncoast Estates. Mention was made of a lawsuit that another property owner in Suncoast Estates had filed against the County Commission a few weeks earlier demanding a mobile home move-on permit. The appellee made a motion to grant the permit request then pending and the motion passed unanimously.
Following that vote, the appellee made derogatory remarks about the appellant and his dealings with the county concerning Suncoast Estates, which we will not repeat here. Suffice it to say that the remarks, for purposes of this appeal, can be considered defamatory. The appellant brought this action against the appellee to recover damages for the alleged slander.
The question is whether the appellee is protected by an absolute privilege from liability to the appellant in this action. The appellant asserts in his complaint that the appellee's remarks were not germane to any matter then being discussed by the County Commission; that any discussion concerning Suncoast Estates had terminated and the Commission had moved on to other business. *955 Relying on Myers v. Hodges, 53 Fla. 197, 44 So. 357 (1907), the appellant argues that the holder of a public office may be held liable for defamatory remarks which have no relation to, or connection with, the cause in hand or the subject of inquiry.
The appellant's reliance on the Myers case is misplaced; that case involved statements of a private litigant in the course of a judicial proceeding. As far as public officials are concerned, the rule in Florida is set forth in McNayr v. Kelly, 184 So.2d 428 (Fla. 1966), as follows:
It seems to be well settled in this State that words spoken or written by public servants in judicial and legislative activities are protected by absolute privilege from liability for defamation. However false or malicious or badly motivated the accusation may be, no action will lie therefor in this State. Nor is it questioned that such absolute immunity in this State extends to county and municipal officials in legislative or quasi-legislative activities as well as to members of the State Legislature and activities connected with State legislation.
Id. at 430.
In Hauser v. Urchisin, 231 So.2d 6 (Fla. 1970), the court held that a complaint against a city commissioner was properly dismissed. The court rejected the proposition that if an officer in a legislative department of government departs from official duty and indulges in defamatory statements wholly irrelevant and foreign to the scope of his duties, he is not entitled to protection. The court said that under the correct statement of the law, the decisive question in the case was whether the statement by the defendant was made in connection with the performance of his duty and responsibility as a city commissioner. The court went on to comment that the public interest requires that statements made by officials of all branches of government in connection with their official duties be absolutely privileged.
In the instant case, the appellee made his remarks while acting as County Commissioner in the process of a County Commission meeting. It seems to us that he was clearly acting in connection with his official duties and is protected by an absolute privilege. We think these remarks in Johnsen v. Carhart, 353 So.2d 874 (Fla. 3d DCA 1977), are particularly appropriate:
[T]he absolute immunity of [a public official] operates to relieve him from the necessity of being subjected to trial of an action based on his privileged conduct, notwithstanding that a complaint for libel which is filed against him may allege, as a conclusion, that he is without such immunity or was acting beyond the scope of his duty or office, where, as in this case, the complaint and its exhibits disclose the action of the official was taken in the interest of the public good and thereby within the scope of his duties and responsibilities, notwithstanding the allegations in the complaint to the contrary.
Id. at 876.
We hold, therefore, that an absolute privilege protects the appellee from any liability to the appellant for the allegedly defamatory remarks made at the County Commission meeting in question. The trial judge was correct in dismissing the appellant's complaint with prejudice.
AFFIRMED.
BOARDMAN, A.C.J., and GRIMES, J., concur.