781 So.2d 1103 (2000)
Anna T. BLINN, Appellant,
v.
FLORIDA DEPARTMENT OF TRANSPORTATION and Sverdrup Corporation, Appellees.
No. 1D99-3671.
District Court of Appeal of Florida, First District.
December 29, 2000.
Opinion Denying Rehearing February 28, 2001.
*1104 T.A. Delegal III of Delegal Law Offices, P.A., Jacksonville, for Appellant.
Robert A. Butterworth, Attorney General; Pamela Lutton-Shields, Assistant Attorney General, Tallahassee, for Appellee, Florida Department of Transportation.
Scott S. Cairns and Patricia D. Barksdale of McGuire, Woods, Battle & Boothe, LLP, Jacksonville, for Appellee, Sverdrup.
BROWNING, J.
This appeal involves an age discrimination claim initially filed in federal court, then voluntarily dismissed, and refiled in state court. The issue for our determination is whether the federal supplemental jurisdiction statute, 28 United States Code section 1367(d),[1] tolls a state statute of limitations when the federal action terminates because the plaintiff voluntarily dismisses the case, intending to refile the same claims against the same parties in state court. We conclude that the state statute is tolled for the thirty-day period specified in the federal supplemental jurisdiction act, and reverse the ruling of the lower tribunal.
On April 9, 1997, appellant, Anna T. Blinn, filed a charge with the Florida Commission on Human Relations (FCHR). The FCHR forwarded the charge to the Equal Employment Opportunity Commission (EEOC) for investigation. On February 27, 1998, the EEOC issued appellant a right-to-sue letter. On May 20, 1998, pursuant to the right-to-sue letter, appellant filed an age discrimination claim in the United States District Court for the Middle District of Florida. On May 10, 1999, believing that her claims were susceptible to dismissal on Eleventh Amendment grounds, appellant voluntarily dismissed the federal court action pursuant to Federal Rule of Civil Procedure 41, planning to refile the case in state court.
On May 19, 1999, appellant filed her complaint in the Fourth Judicial Circuit for Duval County, under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq., and the Florida Civil Rights Act, section 760.01, Florida Statutes.[2] In the complaint, appellant alleged that in September 1996, Sverdrup Corporation and the Florida Department of Transportation terminated her employment from a temporary engineering position because of her age, and then failed to hire her for a permanent engineering position because of her age. The parties agreed the state action was filed outside the applicable statutes of limitations, unless the limitations periods were tolled while the action involving the same claims and the same parties was pending in federal court.
On July 1, 1999, the Florida Department of Transportation (DOT) filed a motion to dismiss, or, in the alternative, a motion for summary judgment. Sverdrup Corporation filed a motion for summary judgment on appellant's claims under the ADEA and the Florida Civil Rights Act. DOT argued the applicable statutes of limitations had run on appellant's age discrimination claims. Appellant conceded the applicable limitations periods had expired when she *1105 filed her state court action, but argued the federal supplemental jurisdiction statute operates to toll the statutes of limitations while her lawsuit involving the same parties and the same claims was pending in the United States District Court. The federal case was dismissed in May 1999, upon appellant's voluntary motion. Appellant filed her action in state court seventeen days after dismissal of her federal lawsuit, within the thirty-day tolling provision of 28 U.S.C. § 1367(d).
The trial court found the supplemental jurisdiction statute to be ambiguous as to whether it was meant to be a general tolling provision, or simply a tolling provision in cases where the federal court might assume supplemental jurisdiction. Based upon the perceived ambiguity, the trial court looked to legislative history for guidance. The court concluded that Congress intended the tolling provision of the supplemental jurisdiction statute to apply only when a federal district court dismisses a claim after declining to exercise supplemental jurisdiction. Since appellant voluntarily dismissed her case in federal court, the Florida trial court concluded the federal supplemental jurisdiction statute was inapplicable, and dismissed Counts I and II of appellant's complaint with prejudice.
In construing a statute, the plain meaning of the statutory language is the first consideration. This rule of construction requires a straightforward consideration of each relevant sentence of the statute. See Acosta v. Richter, 671 So.2d 149, 153-154 (Fla.1996); Streeter v. Sullivan, 509 So.2d 268, 271 (Fla.1987). See also Kaiser Aluminum & Chemical Corp. v. Bonjorno, 494 U.S. 827, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990); Florida State Racing Commission v. McLaughlin, 102 So.2d 574, 575-576 (Fla.1958)(the court may consider matters extrinsic to the statute to arrive at the meaning of the language employed by the legislature only when the language being construed is of doubtful meaning, or doubt is engendered by a seeming inconsistency with other parts of the same or a closely related statute); Okeechobee Health Care v. Collins, 726 So.2d 775, 776 (Fla. 1st DCA 1998)(court turns first to the plain language of the statute to ascertain meaning, but also must consider subsections of the same statute in pari materia); Mayo Clinic Jacksonville v. Department of Professional Regulation, Board of Medicine, 625 So.2d 918, 919 (Fla. 1st DCA 1993).
The federal supplemental jurisdiction statute provides:
§ 1367. Supplemental jurisdiction
(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
(b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would *1106 be inconsistent with the jurisdictional requirements of section 1332.
(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if
(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.
(d) The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.
See 28 U.S.C. § 1367.
The Practice Commentary to section 1367 expresses the view that
The limitations toll offered by subdivision (d) of § 1367 applies not only to a dismissal of the claim that depends on supplemental jurisdiction, but also to any other claim "voluntarily dismissed" at the same time or afterwards, including the claim that affords the federal jurisdiction in the first place.
The plain language of section 1367(a) states that the [federal] district courts shall have supplemental jurisdiction over all claims related to the civil action in which the federal court has original jurisdiction. Subsection (d) states that the limitations period for "any claim asserted under subsection (a) and for any other claim that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." Although subsection (d) does not state that the tolling provision is applicable only where the federal district court declined to exercise supplemental jurisdiction of a claim under subsection (a), this is the construction generally adopted by commentators who have addressed the statute. See, e.g., Patrick D. Murphy, A Federal Practitioner's Guide to Supplemental Jurisdiction Under 28 U.S.C. § 1367, 78 Marq. L.Rev. 972, 1032 (1995); Denis F. McLaughlin, The Federal Supplemental Jurisdiction StatuteA Constitutional and Statutory Analysis, 24 Ariz. St. L.J. 849, 985 (1992). These commentators recognize that the tolling provision, section 1367(d), leaves many questions unanswered and may be difficult to apply. Arguably, the omission could be interpreted to mean that section 1367(d) would toll state statutes of limitation without regard to the reason for the dismissal, unless the claim were dismissed on the merits. See Brian Augustus Beckcom, Pushing the Limits of the Judicial Power: Tolling State Statutes of Limitations Under 28 U.S.C. § 1367(d), 77 Tex. L.Rev. 1049, 1075, n. 168 (1999). Cf. Ovadia v. Bloom, 756 So.2d 137 (Fla. 3d DCA 2000)(court implicitly recognized that if federal court has jurisdiction, the state limitations period would be tolled under 28 U.S.C. § 1367).
If the language of the statute to be construed is not clear, resort may be made to the rules of statutory construction as a means to glean legislative intent. See Joshua v. City of Gainesville, 768 So.2d 432 (Fla.2000); Broward v. Jacksonville *1107 Medical Center, 690 So.2d 589, 591 (Fla. 1997). Legislative intent is the "polestar" in interpretation of statutory provisions. An inquiry into legislative history as a means to discern legislative intent may begin only where the statute is ambiguous. See In Re Order on Prosecution of Criminal Appeals, 561 So.2d 1130, 1137 (Fla. 1990); Weber v. Dobbins, 616 So.2d 956, 958 (Fla.1993).
Where the literal language of the statute is in conflict with the stated legislative policy of the act, the court will not give the language its literal interpretation "when to do so would lead to an unreasonable conclusion or defeat legislative intent or result in a manifest incongruity." See Joshua, 768 So.2d at 435. See also Holly v. Auld, 450 So.2d 217, 219 (Fla.1984); Summit Investment & Development Corp. v. Leroux, 69 F.3d 608, 610 (1st Cir.1995).
The legislative history relating to section 1367 suggests legislative intent that section 1367(d) would provide a tolling period only after the federal court declined to exercise supplemental jurisdiction, pursuant to the reasons set forth in section 1367(a)-(c). See, generally, Steven H. Steinglass, Litigating State Employment Discrimination Claims in Federal Courts Under The New Doctrine of Supplemental Jurisdiction, C780 ALI-ABA 467 (June 1993). This limitation on the tolling provision was not included in the statute. One commentator has phrased the question thusly:
Whether supplemental claims that are dismissed without prejudice for reasons other than those set forth in § 1367(a)(c) also gain the benefit of § 1367(d)'s tolling provisions is unclear. The legislative history states that § 1367(d) is intended to apply to "any supplemental claim that is dismissed under this section," implying that supplemental claims that are dismissed without prejudice for other reasons, such as insufficiency of service of process or lack of personal jurisdiction, do not fall within § 1367(d)'s tolling provisions.
However, the limitation on the type of dismissals found in the legislative history (i.e., dismissal "under this section") did not find its way into the statute. A literal reading of § 1367(d)"any claim asserted under subsection (a) ... shall be tolled"would certainly permit application of the tolling provisions to supplemental claims later dismissed without prejudice for reasons other than those found in § 1367(a)-(c).
Patrick D. Murphy, A Federal Practitioner's Guide to Supplemental Jurisdiction Under 28 U.S.C. § 1367, 78 Marq. L.Rev. 973, 1033 (Summer 1995)(footnotes omitted).
As appellant notes, the perception of ambiguity in section 1367 seems to arise from a comparison of the language of the statute with the legislative history and views expressed by various commentators. The Florida Supreme Court has ruled unequivocally that where the language of a statute is clear, the language must be given effect, rather than the purpose or intent indicated by legislative history. See Florida Birth-Related Neurological Injury Compensation Ass'n v. Florida Division of Administrative Hearings, 686 So.2d 1349 (Fla.1997).
Our research has not disclosed a Florida or federal published opinion which addresses the specific question presented in this case, i.e., whether the section 1367(d) tolling provision is triggered by a voluntary dismissal of claims commenced in federal court in a timely fashion under the applicable limitations periods, with intent to refile the same claims against the same parties in state court. Here, appellant voluntarily dismissed her ADEA claim, which provided original jurisdiction in federal *1108 court, and her claim under the Florida Civil Rights Act. The Florida civil rights claim is so related to the ADEA claim as to fall within the supplemental jurisdiction of section 1367(a). However, believing her claims were vulnerable to a motion to dismiss, appellant voluntarily dismissed the entire case, in order to pursue all claims in a single action in state court.
In our view, the tolling provision of section 1367 ought not be interpreted as applicable only to dismissals predicated on a federal court's decision to decline supplemental jurisdiction, pursuant to the criteria set forth in section 1367(c)(1)-(4). A policy of this nature would force a plaintiff to litigate the supplemental jurisdiction question in order to gain the savings protection of section 1367(d). In cases such as this, where the basis for the exercise of supplemental jurisdiction clearly exists, it appears a voluntary dismissal should receive the same treatment as a refusal of the federal district court to exercise supplemental jurisdiction, i.e., the plaintiff should have the benefit of the section 1367(d) thirty-day tolling provision to refile the case in state court. In this case, appellant's voluntary dismissal of her federal action served to preserve judicial labor and resources. We do not wish to encourage a policy which would interpret section 1367(d) as inapplicable to a voluntary dismissal of claims where the federal court has original jurisdiction, and could exercise supplemental jurisdiction.
Appellees maintain that if this court should decide the federal tolling provision is applicable, the court must then determine whether Congress possesses the power to enact the statute so as to modify the state statute of limitations. In this regard, appellee recognizes the Supreme Court has held that Congress has the power, by virtue of Article III and the Necessary and Proper Clause, to enact laws that govern the practice and procedure of federal courts. See Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), and its progeny. However, appellees contend the supplemental jurisdiction statute goes beyond the power of Congress, because it ultimately governs practice and procedure in state courts. We cannot agree.
One commentator has reasoned:
A strong argument can be made that § 1367(d) passes constitutional scrutiny. The argument is based on the Supreme Court's holding in Hanna v. Plumer and its progeny. In Hanna, the Court held that, if a Federal Rule of Civil Procedure controlled an issue and was a valid exercise of authority under the Rules Enabling Act, then the Federal Rule must be followed by federal courts in diversity cases. The applicable Federal Rule preempts inconsistent state law. In 1988, the Supreme Court extended its reasoning in Hanna in the case of Stewart Organization, Inc. v. Ricoh Corp. by holding that an applicable federal procedural statute also preempts inconsistent state law if the federal statute "represents a valid exercise of Congress' constitutional powers."
This returns us to the initial question: Is the enactment of § 1367(d) a valid exercise of Congress's constitutional power? An important passage in the Hanna opinion lends considerable support to the position that § 1367(d) was a constitutional exercise of Congressional power. In Hanna, the Supreme Court stated:
For the constitutional provision for a federal court system (augmented by the Necessary and Proper Clause) carries with it congressional power to make rules governing the practice and pleading in those courts, which in turn includes a power to regulate matters *1109 which, though falling within the uncertain area between substance and procedure, are rationally capable of classification as either.
Section 1367(d) consists of "rules governing the practice and pleading" in federal courts and regulates matters that, at a minimum, fall "within the uncertain area between substance and procedure" and "are rationally capable of classification as either." Thus, under Hanna, Congress possessed the constitutional power to enact § 1367(d) and conflicting state tolling laws are preempted.
See Patrick D. Murphy, A Federal Practitioner's Guide, 78 Marq. L.Rev. at 1033-1035 (footnotes omitted). Cf. Beckom, Pushing the Limits of the Judicial Power, 77 Tex. L.Rev. at 1077.
We have been unable to discover a published decision of a Florida state court which expressly addresses the power of Congress to enact section 1367(d). However, in Boyes v. Shell Oil Products Company, 199 F.3d 1260 (11th Cir.2000), the court discussed the circumstances under which federal law preempts state law. The court noted that "[a]ny state law that conflicts with federal law is preempted by the federal law and is without effect under the Supremacy Clause of the Constitution."[3]See Boyes, 199 F.3d at 1267, quoting Lewis v. Brunswick Corp., 107 F.3d 1494, 1498 (11th Cir.1997). See also Cipollone v. Liggett Group, Inc., 505 U.S. 504, 516, 112 S.Ct. 2608, 2617, 120 L.Ed.2d 407 (1992). The Supreme Court has said that if Congress so intends, preemption is compelled, "whether Congress' demand is explicitly stated in the statute's language or implicitly contained in its structure and purpose." See Boyes, 199 F.3d at 1267, quoting Gade v. National Solid Wastes Mgmt. Ass'n, 505 U.S. 88, 96, 112 S.Ct. 2374, 2381, 120 L.Ed.2d 73 (1992). There are three types of preemption: (1) express preemption, where the statute contains "explicit preemptive language," (2) field preemption, "where the scheme of federal regulation is so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it," and (3) conflict preemption, "where compliance with both federal and state regulations is a physical impossibility, or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." See id. at 98, 112 S.Ct. 2374. See also Boyes, 199 F.3d at 1267.
Under the foregoing standards, it is apparent that section 1367(d) falls within the realm of conflict preemption. Here, the state statute of limitations stands as an obstacle to the accomplishment of the Congressional purpose to permit federal litigants to pursue their dismissed state law claims in state court, provided they do so within the thirty-day period provided in section 1367(d).
Moreover, Florida courts have implicitly recognized the validity of the federal tolling provision. For example, in Ovadia v. Bloom, 756 So.2d 137 (Fla. 3d DCA 2000), in analyzing the question of original jurisdiction, the court observed:
As a threshold matter, we cannot grant Dr. Ovadia relief under 28 United States Code section 1367. Under the plain language of that section, the limitations period is not tolled because the federal court never had original jurisdiction over Dr. Ovadia's action. Any arguable jurisdiction was based on diversity, *1110 and the presence of non-diverse defendants in the action destroyed jurisdiction on that basis. (citations omitted) Under section 1367, claims against a non-diverse defendant cannot be considered supplemental jurisdiction. (citation omitted) Hence, this statute does not toll the limitations period for Dr. Ovadia's claims.
Although the court concluded that section 1367(d) was not applicable to Dr. Ovadia's case, the court did not question the power of Congress to enact a statute which, in proper circumstances, will act to toll a state statute of limitations for a claim that was filed timely in federal court and subsequently dismissed. See also Black v. Florida Department of Corrections, 652 So.2d 1291 (Fla. 1st DCA 1995)(court reversed the trial court's dismissal of complaint which alleged a tolling of the statute of limitations based on 28 U.S.C. § 1367(d)).
Accordingly, we reverse the order of dismissal with prejudice and the final judgment as to Counts I and II of the complaint, and remand with instructions to reinstate those counts.
PADOVANO, J., concurs; JOANOS, J., dissents with opinion.
JOANOS, J., dissenting.
I agree with the majority that Congress has the power to enact laws that govern the practice and procedure of federal courts. See Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). However, the tolling provision of the Supplemental Jurisdiction Statute goes much further and seeks not only to govern the practice and procedure of federal courts, but of state courts as well.
By requiring state courts to entertain stale causes of action, the tolling provision does not merely interfere with state court procedures, but serves a substantive role in breathing life into causes of action that have expired. I do not believe that constitutional authority is provided by virtue of Article III and the Necessary and Proper Clause of the United States Constitution, as I believe that the Supplemental Jurisdiction Statute is neither necessary nor proper to carry out federal law. It is my view that section 1367(d) improperly invades the sovereignty of the states and invades the principles first described in Erie R.R. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). See Brian Augustus Beckcom, Pushing the Limits of the Judicial Power: Tolling State Statutes of Limitations Under 28 U.S.C. § 1367(d), 77 Tex. L.Rev. 1049 (1999).

ON MOTION FOR REHEARING
BROWNING, J.
Appellee, Florida Department of Transportation, petitions this court for rehearing. We find that Appellee's petition fails to convince us that our original opinion misconstrued or misapplied the law and the facts involved in this appeal. Accordingly, Appellee's motion for rehearing is denied.
Our disposition of Appellee's motion for rehearing is impelled by the long-established rule that authorities not cited and issues not raised in the briefs or on oral argument cannot be raised for the first time on motion for rehearing. See Shell Oil Company v. Department of Revenue, 461 So.2d 959 (Fla. 1st DCA 1984). Appellee's motion for rehearing is therefore denied.
Our determination on Appellee's motion for rehearing does not in any way touch upon the validity of Appellee's assertion that the federal court did not have jurisdiction over Appellant's suit against Appellee, and, therefore, 28 U.S.C. § 1367(d) does not apply to Appellant's claim against Appellee. Had this issue been properly argued *1111 and briefed, a determination would have been made on such issue. A determination of such issue, for the reasons stated, is left to another court before which the issue may be properly asserted for determination.
Motion for rehearing DENIED.
WOLF and PADOVANO, JJ., concur.
NOTES
[1] 28 U.S.C. § 1367(d) provides:

(d) The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.
[2] Appellant filed her state action within the thirty-day tolling period contemplated by the federal supplemental jurisdiction statute.
[3] The Supremacy Clause mandates that "the Laws of the United States ... shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." See U.S. Const., art. VI, cl. 2.