817 So.2d 919 (2002)
Elaine A. SCARFO, Appellant,
v.
Victor GINSBERG; and DBG 94, Inc.; DBG 95, Inc.; DBG 96, Inc., Florida corporations, Appellees.
No. 4D00-4621.
District Court of Appeal of Florida, Fourth District.
May 8, 2002.
Robert E. Weisberg and Kimberly A. McCoy of the Law Offices of Robert E. *920 Weisberg, Coral Gables, and Martha A. Chapman, P.A., Orlando, for appellant.
Douglas H. Stein and Maurice J. Baumgarten of Anania, Bandklayder, Blackwell, Baumgarten & Torricella, Miami, for appellees.
FARMER, J.
The issue in this case, where an action was dismissed on grounds that the statute of limitations had already run when it was refiled in state court, is whether the original filing of the same action in federal court operated to toll the statute during the pendency of the federal action. We reverse.
Defendants employed plaintiff as a secretary for approximately one year beginning in late 1991. She alleges that they subjected her to sexual harassment and, when she complained about their conduct, terminated her employment for exercising her rights under employment discrimination laws. She originally filed suit in federal district court, alleging a claim under Title VII of the Civil Rights Act of 1964, and joined state common law tort claims of battery, intentional infliction of emotional distress, and invasion of privacy with her federal claim. In 1997 the federal court granted a summary judgment on the federal civil rights claim only, holding that none of the defendants could be liable under that statute. That decision was affirmed on appeal. See Scarfo v. Ginsberg, 175 F.3d 957 (11th Cir.1999).[1] Because of the disposition of the federal claim, the trial court dismissed her state law claims without prejudice to refiling them in state court.
Less than a month after the dismissal, she filed her claims in the circuit court below. Defendants moved for summary judgment. They argued that her state law claims were barred by the Florida statute of limitations. See § 95.11(3)(o), Fla Stat. (2000). The trial court granted the motion and entered a final judgment in favor of defendants dismissing her suit. Plaintiff timely appeals that dismissal.
Plaintiff's argument that the pendency of the federal action tolled Florida's statute of limitations is founded on 28 U.S.C. § 1367(d), which states:
"The period of limitations for any claim asserted under subsection (a) ... shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless state law provides for a longer tolling period."
In the federal action, plaintiffs state law claims were asserted under the authority of section 1367(a). Defendant argues that plaintiff's federal claim was dismissed for lack of federal subject matter jurisdiction and therefore the tolling provision in section 1367(d) is inapplicable.
It is true that the federal court of appeals rationalized the dismissal of the federal claim on grounds of subject matter jurisdiction. We disagree, however, that such a dismissal makes the tolling provision of section 1367(d) inapplicable. We do not think the text of section 1367(d) supports such a narrowing of the sweep of that provision.
In this case plaintiff based subject matter jurisdiction in federal court on federal question grounds, rather than on diversity of citizenship. We note that in this instance the issue as to subject matter jurisdiction raised by defendants did not contend that plaintiff's claim was of a class that on its face could not be brought in federal court. Instead defendants' attack was based on a factual dispute as to *921 whether any of the defendants qualified as employers under Title VII. After a "trial" on that issue, the court determined that none of the defendants met the Title VII requirements for liability. It was only on the basis of the resolution of that factual dispute that the court dismissed plaintiffs federal claim.
Congress has granted the federal district courts original, and non-exclusive, federal question jurisdiction over sex discrimination claims. See Yellow Freight Sys. Inc. v. Donnelly, 494 U.S. 820, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990) (federal courts do not have exclusive jurisdiction over civil actions brought under Title VII of the Civil Rights Act of 1964). Congress thus gave plaintiff a choice as to the forum in which she could file her Title VII claim.
It is also true that Title VII claims based on sex discrimination are often joined with state law claims arising under a common nucleus of operative fact. Consequently, Congress also created section 1367 to allow such related state law claims to be joined with the federal claim in a federal court. At the same time, section 1367(d) provides for a non-prejudicial dismissal of the related state law claims when the federal claim is adjudicated before trial. That is, section 1367(d) tolls the running of any applicable state statute of limitations on the related state law claims during the pendency of the federal claim. The purpose of this tolling provision is undoubtedly to allow claimants to pursue their federal claim in a federal court without cost to their state law claims, should the federal claim prove unsuccessful.
Section 1367(d) provides for a tolling of state law limitations on any state law claim asserted in federal court under section 1367(a). The only requirements are that the claim be asserted under section 1367(a). Plaintiff's dismissed claims arose under state law and they were asserted in federal court under section 1367(a). The mere fact that the federal court of appeals saw the question of the employers' liability under Title VII as an issue of subject matter jurisdiction does not change the text of section 1367.[2] Section 1367(d) exactly fits the facts and circumstances of this case.
To read the statute as defendants suggest would be to add words to the statutory text in the belief that some textually unspoken "legislative intent" so required. We do not believe that Congress has indicated such a purpose anywhere in the text actually adopted.[3] Yet the dismissal does fit the plain text of the tolling provision, and therefore there is no reason to suppose that Congress intended for judges to search for some obscure intent unarticulated in the statutory text to avoid application of the tolling provision. We find no authority to do so here.
REVERSED.
STONE and HAZOURI, JJ., concur.
NOTES
[1] None of the defendants qualified as "employers" under Title VII of the Civil Right Act of 1964 because they had fewer than 15 employees.
[2] What if the Title VII claim were dismissed because it was untimely filed with the agency or in federal court? Would the dismissal on jurisdictional grounds also mean that, in spite of the text, such a disposition did not result in a stay of the state law claims?
[3] As plaintiff correctly argues, in Florida we do not engage in a search for an implied "legislative intent" when, as here, the statutory text is unambiguous. See Holly v. Auld, 450 So.2d 217 (Fla.1984) (courts of Florida lack power to construe unambiguous statute in way that would alter, amend, extend or modify express terms or reasonable implications).