59 So.3d 1085 (2011)
Andrew KRAUSE, et al., Petitioners,
v.
TEXTRON FINANCIAL CORPORATION, Respondent.
No. SC09-881.
Supreme Court of Florida.
February 3, 2011.
*1086 William A. Donovan, Naples, FL, for Petitioners.
Paul A. Avron and Jordi Guso of Berger Singerman, P.A., Miami, FL, for Respondent.
LABARGA, J.
In the case before us, Andrew Krause and David Bautsch ("Petitioners") seek review of the decision of the Second District Court of Appeal in Krause v. Textron Financial Corp., 10 So.3d 208 (Fla. 2d DCA 2009), on the ground that it expressly and directly conflicts with the decision of the Fourth District Court of Appeal in Scarfo v. Ginsberg, 817 So.2d 919 (Fla. 4th DCA 2002). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
The issue presented for our determination is whether the federal supplemental jurisdiction statute, 28 U.S.C. § 1367(d) (2006), tolls a state statute of limitations after a state law claim is dismissed on the basis that the bankruptcy court lacked subject matter jurisdiction. As we explain below, we conclude that the applicable state statute of limitations in this case was tolled pursuant to section 1367(d) of the federal supplemental jurisdiction statute. Based on our reasoning below, we quash the decision of the Second District in Krause to the extent that it is inconsistent with this opinion, and approve the Fourth District's decision in Scarfo to the extent that it is consistent with our analysis and holding.

FACTS AND PROCEDURAL BACKGROUND
The Second District described the facts underlying its decision in Krause as follows:
Appellants purchased separate memberships in the Twin Eagles Golf and Country Club in 1997. The membership fee paid by each was $52,000. The terms of the Twin Eagles' membership agreement provided that if a member resigned his or her membership, Twin Eagles would sell that membership to a third party and the resigning member *1087 would be entitled to ninety percent of the resale price.
In July 1998, Textron provided financing to Twin Eagles and its affiliates. As collateral for the loan, Textron received a security interest in Twin Eagles' assets, including the club's previously unsold new memberships. Pursuant to the financing agreement between Textron and Twin Eagles, only one out of every three memberships sold by Twin Eagles could be a resale of a resigned membership.
In the spring of 1999, Appellants resigned as members of Twin Eagles and returned their memberships for resale. By the terms of their membership agreements, Appellants were entitled to ninety percent of the proceeds generated by the resale of their memberships as a reimbursement from Twin Eagles. However, upon resale of Appellants' memberships, Twin Eagles paid all of the proceeds to Textron in partial satisfaction of its loan obligation, thereby denying Appellants the payments to which they were entitled. Within months of these resales, Twin Eagles filed for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida.
Appellants filed an adversary proceeding in the bankruptcy case, alleging that Twin Eagles had improperly paid all of the proceeds from the resale of their resigned memberships to Textron prior to its filing of the petition for relief in the bankruptcy court.[n. 1] In count one, Appellants sought declaratory relief against Twin Eagles, and in count two, they asked for the imposition of a constructive trust against any of the remaining proceeds realized from the resale of golf memberships or, in the alternative, "in Textron's secured claim to the extent the membership sale proceeds [were] used by [Twin Eagles] or encumbered with [Twin Eagles'] permission by Textron's secured claim."
[N. 1] This was confirmed by deposition testimony taken during the discovery phase of the adversary proceeding. The trial court's order granting Textron's motion to dismiss made a finding that at the time of the filing of the complaint in bankruptcy court, Appellants did not know which entity had possession of the resale proceeds; however, the complaint alleged that "upon information and belief," Twin Eagles had transferred the funds to Textron prior to the commencement of the Chapter 11 proceedings.
On August 15, 2000, the bankruptcy court entered an order confirming the Chapter 11 plan filed by Twin Eagles. The bankruptcy court also determined that Textron had a valid claim against Twin Eagles for an amount in excess of $17 million and that the claim had been fully satisfied by the proceeds of the sale of Twin Eagles' assets pursuant to the bankruptcy plan. The order further concluded that Textron did not have any further claims against Twin Eagles or its affiliates.
In 2002, Textron moved for summary judgment as to count two of Appellants' complaint. The bankruptcy court granted the motion, and Appellants attempted to appeal; however, since count one remained pending, the appeal was dismissed. Accordingly, on May 16, 2005, Appellants voluntarily dismissed with prejudice the remaining count of their complaint against Twin Eagles and pursued their appeal of the summary judgment of count two against Textron.
Krause, 10 So.3d at 209-10.
The United States District Court for the Middle District of Florida, in its appellate capacity, directed the bankruptcy court to vacate its summary judgment entered in favor of Textron and dismiss the adversary proceeding as to Textron after determining that the bankruptcy court should have dismissed the constructive trust claim for lack of subject matter jurisdiction.
*1088 Less than one month later, Petitioners filed suit against Textron in the Circuit Court for the Twentieth Judicial Circuit in and for Collier County, Florida, seeking declaratory relief and the imposition of a constructive trust on the funds that Textron allegedly received from Twin Eagles. Petitioners' amended complaint contained two counts. In count one, Petitioners sought the imposition of a constructive trust, and in count two, they sought a judgment against Textron on the theory of unjust enrichment. Textron moved to dismiss the amended complaint, arguing that claims were time barred by the limitations period set forth in section 95.11(2)(b), Florida Statutes (2005).[1] Petitioners contended in the trial court that the statute of limitations was tolled by the federal tolling provision contained in section 1367(d) and that their claims were therefore timely. The trial court concluded, however, that the claims were filed outside of the state statute of limitations and that the federal tolling provision did not apply.[2] The Second District affirmed the lower court's decision on appeal, holding that section 1367(d) did not apply to toll Petitioners' constructive trust claim in state court because the federal district court had previously determined that the bankruptcy court lacked subject matter jurisdiction over the constructive trust claim. See Krause, 10 So.3d at 209-12.[3]
Petitioners then sought review in this Court, alleging express and direct conflict with the Fourth District's decision in Scarfo v. Ginsberg, 817 So.2d 919 (Fla. 4th DCA 2002). In Scarfo, the federal district court dismissed the plaintiff's federal claim for lack of federal subject matter jurisdiction. Id. at 920. Because of the disposition of the federal claim, the federal court dismissed the plaintiff's state law claims without prejudice to refiling them in state court. Id. When the plaintiff brought her claims in state court less than a month after the dismissal, the defendants moved for summary judgment, alleging that the claims were barred by the statute of limitations. Id. The trial court granted the motion, and the plaintiff appealed. Id. The defendants in Scarfo contended that because the plaintiff's federal claim was dismissed for lack of federal subject matter jurisdiction, the tolling provision in section 1367(d) was inapplicable. Id. On appeal, the Fourth District concluded in Scarfo that the dismissal of the plaintiff's federal claim for lack of federal subject matter jurisdiction did not bar the application of section 1367(d) to toll the plaintiff's state law claims. Thus, the district court reversed, holding that section 1367(d) applied to toll the state law claims during the pendency of the federal action. Id. at 921. For reasons explained below, we agree with the Fourth District's decision in Scarfo on this issue.

ANALYSIS
Petitioners contend that the federal tolling provision of section 1367(d) applies *1089 to toll the state statute of limitations in the instant case where the federal court determined that the bankruptcy court lacked subject matter jurisdiction over their state law claim against Textron. They allege that the decision of the Second District not to apply the federal tolling provision in the instant case expressly and directly conflicts with the decision of the Fourth District in Scarfo, which held that the federal tolling provision applied despite the lack of federal subject matter jurisdiction over a federal claim. Textron contends that Scarfo is distinguishable and that the tolling provision does not apply in the instant case. The conflict issue before this Court is whether the tolling provision of the federal statute on supplemental jurisdiction tolls the applicable state limitations period after the state law claim was dismissed for lack of the bankruptcy court's subject matter jurisdiction.
Because this case presents an issue of statutory interpretation, our review is de novo. See Larimore v. State, 2 So.3d 101, 106 (Fla.2008). "It is well settled that legislative intent is the polestar that guides a court's statutory construction analysis." Knowles v. Beverly Enterprises-Fla., Inc., 898 So.2d 1, 5 (Fla.2004). To discern legislative intent, we first look to the statute's plain language. See Borden v. E.-European Ins. Co., 921 So.2d 587, 595 (Fla.2006). "When the statute is clear and unambiguous, `there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.'" Saleeby v. Rocky Elson Constr., Inc., 3 So.3d 1078, 1082 (Fla.2009) (quoting Holly v. Auld, 450 So.2d 217, 219 (Fla.1984)). "Further, we are `without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications.'" Velez v. Miami-Dade County Police Dep't, 934 So.2d 1162, 1164-65 (Fla.2006) (quoting McLaughlin v. State, 721 So.2d 1170, 1172 (Fla.1998)). Accordingly, we begin our analysis with the language of section 1367, the federal statute at issue here, to determine if any of its provisions prohibit application of the tolling provision to state law claims dismissed for lack of federal jurisdiction.
The federal supplemental jurisdiction statute, 28 U.S.C. § 1367, provides that a federal district court may exercise supplemental jurisdiction over certain claims, and it governs when the court may do so. The statute provides in pertinent part:
§ 1367. Supplemental Jurisdiction
(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
. . . .
(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if
(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or

*1090 (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.
(d) The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.
28 U.S.C. § 1367 (2006).
The plain text of the federal statute does not, by its terms, bar the application of the tolling provision where a claim is dismissed for lack of federal subject matter jurisdiction. Rather, the savings protection of section 1367(d) applies "for any claim asserted under subsection (a)." The plain and unambiguous language of section 1367(d) thus permits the application of the tolling provision to claims commenced in federal court but later dismissed for lack of federal subject matter jurisdiction.
Our precedent concerning statutory interpretation also supports the Fourth District's interpretation of section 1367(d) in Scarfo, where the court concluded that the dismissal of a federal claim for lack of subject matter jurisdiction did not bar the application of section 1367(d) to toll the state limitations period for claims refiled in state court. The Fourth District noted that "[s]ection 1367(d) exactly fits the facts and circumstances of this case," reasoning that the fact that the dismissal of the plaintiff's federal claim was based on jurisdictional grounds "does not change the text of section 1367." Id. at 921.[4] We find that the same reasoning applies to state law claims dismissed for lack of federal subject matter jurisdiction. We thus conclude that the fact that Petitioners' constructive trust claim was dismissed for lack of the bankruptcy court's subject matter jurisdiction does not preclude the applicability of the federal tolling provision in this case.
Textron also contends that the Petitioners' constructive trust claim is not subject to the tolling provision of subsection (d), asserting that subsection (d) only applies to those supplemental claims asserted under section 1367(a) and dismissed by the federal district court under one of the four circumstances set forth in subsection (c) of the federal supplemental jurisdiction statute. Textron further contends that the constructive trust claim was not dismissed under the criteria set forth in subsection (c) because there was never a decision by the bankruptcy court or the federal district court not to exercise supplemental jurisdiction over the state law claim. We disagree with Textron's contentions.
We note that a similar narrow reading of section 1367(d) was rejected by the First District Court of Appeal in Blinn v. Florida Department of Transportation, 781 So.2d 1103 (Fla. 1st DCA 2000). There, the district court considered whether section 1367(d) tolls a state limitations period when the federal action was terminated by the plaintiff's voluntary dismissal of the case in federal court with the intention of refiling the same claims against the same parties in state court. Id. at 1104. *1091 Based on the text of the supplemental jurisdiction statute, the First District concluded that the tolling provision was not limited to "dismissals predicated on a federal court's decision to decline supplemental jurisdiction, pursuant to the criteria set forth in section 1367(c)(1)-(4)." Id. at 1108. The court reasoned that "[a] policy of this nature would force a plaintiff to litigate the supplemental jurisdiction question in order to gain the savings protection of section 1367(d)," and consequently held that the tolling provision was applicable. Id.
We agree with the reasoning of the First District in Blinn. Moreover, the district court's holding in Blinn is consistent with the plain language of the supplemental jurisdiction statute, which was also the focus of the Fourth District's analysis in Scarfo. We agree with this analysis and hold that the text of subsection (d) does not limit the applicability of the tolling provision solely to instances where the federal court declines to exercise supplemental jurisdiction under the circumstances set forth in subsection (c) of the statute. In so holding, we recognize, as stated above, that we are "without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications." McLaughlin, 721 So.2d at 1172 (quoting Holly v. Auld, 450 So.2d 217, 219 (Fla. 1984)).
We note that the tolling provision serves to prevent the limitations period from expiring while a plaintiff unsuccessfully pursues state claims in federal court in conjunction with federal claims. As we have explained above, the plain language of section 1367 leads us to conclude that the dismissal of a claim in federal court or, as here, in a bankruptcy court which is a unit of the federal district court, for lack of subject matter jurisdiction, does not bar the applicability of the federal tolling provision in the subsequent state court action.

CONCLUSION
Based on the foregoing, we quash the decision of the Second District in Krause v. Textron Financial Corp., 10 So.3d 208 (Fla. 2d DCA 2009), to the extent that it is inconsistent with our decision, and we approve the decision of the Fourth District in Scarfo v. Ginsberg, 817 So.2d 919 (Fla. 4th DCA 2002). We remand to the Second District for further proceedings consistent with this opinion.
It is so ordered.
PARIENTE, LEWIS, QUINCE, POLSTON, and PERRY, JJ., concur.
CANADY, C.J., dissents with an opinion.
CANADY, C.J., dissenting.
Because I conclude that there is no express and direct conflict warranting the exercise of our jurisdiction under article V, section 3(b)(3), Florida Constitution, I dissent.
The holding in the Second District Court of Appeal's decision in Krause v. Textron Financial Corp., 10 So.3d 208, 212 (Fla. 2d DCA 2009), was as follows: "Because this [constructive trust] claim against Textron was not `related to' the claim against Twin Eagles, it is not entitled to the federal court's supplemental jurisdiction and the tolling provision found in 28 U.S.C. § 1367(d) does not apply." The decision in Krause thus turned on whether the state claim at issue fell within the scope of the section 1367(a) provision for supplemental jurisdiction over "claims that are so related to claims in the action within [a district court's] original jurisdiction that they form part of the same case or controversy."
*1092 In Scarfo v. Ginsberg, 817 So.2d 919, 920 (Fla. 4th DCA 2002), however, the court addressed an argument by the defendant that the "plaintiff's federal claim was dismissed for lack of federal subject matter jurisdiction and therefore the tolling provision in section 1367(d) is inapplicable." The Scarfo court rejected this argument and held that the tolling provision applied. The Scarfo decision makes no mention of any argument that the state law claim at issue was not related to the federal law claim. Instead, Scarfo assumeswithout expressly decidingthat the state law claims were related to the federal claims.
The question at issue in Scarfothat is, the impact on the operation of the tolling provision of the lack of federal subject matter jurisdiction over the plaintiff's federal claimwas not a question at issue in Krause. Indeed, the Krause court specifically recognized that the "complaint in the bankruptcy case did allege a claim cognizable in bankruptcy court." 10 So.3d at 211.
In sum, the application of the "related to" requirement of section 1367(a) was dispositive in Krause but was not at issue in Scarfo. There is thus no express and direct conflict between Krause and Scarfo.
Express and direct conflict is similarly lacking with respect to Blinn v. Florida Department of Transportation, 781 So.2d 1103, 1104-05 (Fla. 1st DCA 2000), a decision which turned on whether the tolling provision of section 1367(d) is operative where "the plaintiff voluntarily dismisses the case" or is instead limited to circumstances where "a federal district court dismisses a claim after declining to exercise supplemental jurisdiction." The Blinn court held that the tolling provision applied even though the federal case had been voluntarily dismissed. Id. at 1108. Once again, unlike Krause, there was no issue in Blinn concerning whether the state claims were related to the federal claims as required by section 1367(a). And, although the federal claim in Krause had been voluntarily dismissed, that circumstance was not relied on as a basis for the decision of the Second District in Krause rejecting application of the tolling provision.
Since there is no basis for the exercise of jurisdiction, this case should be dismissed.
NOTES
[1] Textron also asserted that the Petitioners could not establish the elements of their constructive trust claim. The trial court did not address this ground because it found that the claim was time barred. Textron raises a similar claim before this Court; however, we decline to reach this issue.
[2] The trial court concluded further that it could not rely on the doctrine of equitable estoppel to preclude dismissal in the action.
[3] The Second District also held that because Petitioners' claim for unjust enrichment was not part of the bankruptcy complaint, section 1367(d) did not apply to that claim. Id. at 212. We do not disturb the district court's holding with respect to the unjust enrichment claim.
[4] Textron contends that the decision in Scarfo is distinguishable from the instant case, asserting that unlike Scarfo, the bankruptcy court never had original jurisdiction over Petitioners' claims. However, the federal district court's order suggests otherwise, noting that the effect of its ruling that the bankruptcy court should dismiss for lack of jurisdiction over the constructive trust claim "is not that the bankruptcy court lacked jurisdiction from the inception." In re Section 20 Land Group LTD., Case No. 205CV317FTM29DNF (M.D. Fla. order dated Jan. 12, 2006) (Steele, J.).