IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DAVID W. FOLEY, JR. AND
JENNIFER T. FOLEY,

      Appellants,

 v.

    Case No.  5D18-145

ASIMA AZAM, TIM BOLDIG, FRED
BRUMMER, RICHARD CROTTY,
FRANK DETOMA, MILDRED FERNANDEZ,
MITCH GORDON, TARA GOULD,
CAROL HOSSFIELD, TERESA JACOBS,
RODERICK LOVE, ROCCO RELVINI,
SCOTT RICHMAN, ET AL.,

      Appellees.

_____/

Opinion filed October 19, 2018

Appeal from the Circuit Court
for Orange County,
Heather L. Higbee, Judge.

David W. Foley, Jr. and Jennifer T. Foley,
Orlando, pro se.

Lamar D. Oxford and Eric J. Netcher, of
Dean, Ringers, Morgan & Lawton, P.A.,
Orlando, for Appellees, Tim Boldig, Carol
Hossfield, Rocco Relvini, Phil Smith, Tara
Gould and Mitch Gordon.

Derek J. Angell, B.C.S., of O'Connor &
O'Connor, LLC, Orlando, for Asima Azam,
Fred Brummer, Richard Crotty, Frank
Detoma, Mildred Fernandez, Teresa

Jacobs, Roderick Love, Scott Richman, Joe Roberts, Marcus Robinson, Tiffany Russell, Bill Segal and Linda Stewart.

No Appearance for Orange County, a political subdivision of the State of Florida.

ORFINGER, J.

David W. Foley, Jr. and Jennifer T. Foley appeal the trial court's dismissal of their amended complaint. The Foleys argue that, contrary to the court's order, the statute of limitations did not bar their action because 28 U.S.C. § 1367(d) (2016) tolled the limitations period. We agree and reverse.

The Foleys were commercial toucan farmers who attempted to run their business out of their home in Orange County. After a neighbor complained, Orange County Code Enforcement investigated and determined that the Foleys were violating the Orange County Code. Following a public hearing, the Board of Zoning Adjustment ("BZA") found that the Foleys were in violation of the Code and the Board of County Commissioners ("BCC") affirmed that decision.

After exhausting their administrative remedies, the Foleys filed a complaint in the U.S. District Court for the Middle District of Florida against Orange County (the "County"), various county employees (the "Employee Defendants"), and the members of the BZA and BCC in both their individual and official capacities (the "Official Defendants"), raising federal and state claims. Foley v. Orange Cty., Fla., No. 6:12–cv–269–Orl–37KRS (M.D. Fla. Dec. 4, 2012). The district court determined that the County was entitled to summary judgment on all of the Foleys' federal claims. However, it ruled that the Foleys were entitled to summary judgment on their state law claims because the relevant Code provisions were void. Id.

2

The Foleys and the County cross-appealed to the U.S. Court of Appeals for the Eleventh Circuit. Foley v. Orange Cty., 638 F. App'x 941 (11th Cir. 2016). The Eleventh Circuit affirmed in part and reversed in part, holding that the Foleys' federal claims were frivolous and that the district court lacked subject matter jurisdiction to adjudicate the state law claims, explaining that

> [a]ll of the Foley's federal claims either "'ha[ve] no plausible foundation, or . . . [are clearly foreclosed by] a prior Supreme Court decision.'" Blue Cross & Blue Shield of Ala. [v. Sanders], 138 F.3d [1347,] 1352 [(11th Cir. 1998)] (quoting Barnett [v. Bailey], 956 F.2d [1036,] 1041 [(11th Cir. 1992)]). The District Court therefore lacked federal-question jurisdiction. Bell [v. Hood], 327 U.S. [678,] 682–83, 66 S. Ct. [773,] 776 [(1946)]. Without federal-question jurisdiction, the District Court did not have jurisdiction to determine the state-law claims presented by the Foleys. See 28 U.S.C. § 1331; 28 U.S.C. § 1332(a)(1).

Id. at 945-46.

On remand, the district court dismissed the case. Within thirty days of the dismissal, the Foleys initiated a state court action against the County and the Official and Employee Defendants. They subsequently amended their complaint, alleging that their action was timely because "28 USC § 1367(d), tolls for thirty days after such dismissal all limitations on supplemental claims related to those asserted to be within the original jurisdiction of the federal district court." The Official and Employee Defendants filed motions to dismiss, alleging, in part, that Florida's statute of limitations barred the action.[1]

In their motions to dismiss, the Official and Employee Defendants argued that the Foleys' cause of action accrued on February 18, 2008, that all of the claims were governed by the four-year statute of limitations in section 95.11(3), Florida Statutes

---

[1] The trial court has not yet considered the County's motion to dismiss. As such, the County is not a party to this appeal.

3

(2016), and that the Foleys did not file their complaint in state court until eight years after the action accrued. They admitted that the Foleys filed their federal lawsuit within the limitations period, but asserted that section 1367(d) did not toll the limitations period while the federal action was pending because the Eleventh Circuit concluded that the federal district court lacked original jurisdiction.

Following a hearing, the trial court entered an order granting both the Official Defendants' and the Employee Defendants' motions to dismiss, dismissed the amended complaint with prejudice as to the Official Defendants and entered a final judgment in favor of the Employee Defendants. The court determined that the applicable statute of limitations barred all of the Foleys' claims and rejected the Foleys' argument that section 1367(d) tolled the limitations period because that section

> only applies where a federal court enjoyed original jurisdiction over the case, and if the initial assertion of federal jurisdiction is found to be insufficient, then the section does not apply and the party does not get the benefit of the tolling. See Ovadia v. Bloom, 756 So. 2d 137, 140 (Fla. 3d DCA 2000). Because the Eleventh Circuit determined that the Plaintiffs' claims had no plausible foundation, section 1367(d) is inapplicable to the instant matter.

As we will explain, we disagree.

A legal issue concerning a statute of limitations is subject to de novo review. Desai v. Bank of N.Y. Mellon Tr. Co., 240 So. 3d 729, 730 (Fla. 4th DCA 2018). 28 U.S.C. § 1367 provides federal district courts with supplemental subject matter jurisdiction and reads, in relevant part:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within

4

such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

. . . .

(d) The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

Thus, section 1367 provides that when a federal district court has original jurisdiction—either based on diversity, 28 U.S.C. § 1332 (2016), or federal question jurisdiction, 28 U.S.C. § 1331 (2016)—it may exercise supplemental jurisdiction over "all other claims," including state law claims, "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367 (2016). Here, the federal court's supplemental jurisdiction over the state claims was based on its federal question jurisdiction over the Foleys' federal claims.[2]

With this background in mind, we now review the development of Florida law regarding the application of section 1367(d), culminating in the Florida Supreme Court's decision in Krause v. Textron Financial Corp., 59 So. 3d 1085 (Fla. 2011). In 2000, the Third District Court of Appeal addressed the application of section 1367(d) in Ovadia v. Bloom, 756 So. 2d 137 (Fla. 3d DCA 2000), the case relied on by the Official and Employee Defendants and the trial court. There, the plaintiff filed an action in federal

_____

[2] Federal question jurisdiction exists when the action arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331 (2016).

court based on diversity jurisdiction. Id. at 138. The federal court dismissed the case because the parties did not have diversity of citizenship. Id. at 139. Within thirty days following the dismissal, but after the limitations period had expired, the plaintiff filed an action in state court. Id. The trial court dismissed the case as barred by the statute of limitations, and the Third District Court affirmed, holding that the tolling provision of section 1367(d) was not applicable "because the federal court never had original jurisdiction over [the plaintiff]'s action. Any arguable jurisdiction was based on diversity, and the presence of non-diverse defendants in the action destroyed jurisdiction on that basis." Id.

That same year, the First District Court of Appeal addressed a similar issue in Blinn v. Florida Department of Transportation, 781 So. 2d 1103 (Fla. 1st DCA 2000). There, the plaintiff filed her action in federal court, asserting federal question and supplemental jurisdiction. Blinn, 781 So. 2d at 1104. She later voluntarily dismissed her federal case and nine days later filed her state claims in state court. Id. The trial court dismissed the case for exceeding the statute of limitations, but the First District Court reversed, concluding that "the tolling provision of section 1367 ought not be interpreted as applicable only to dismissals predicated on a federal court's decision to decline supplemental jurisdiction," and consequently, held that the limitations period was tolled for thirty days following the dismissal of the federal case. Id.; see Stevens v. ARCO Mgmt. of Wash., D.C., Inc., 751 A.2d 995, 998 (D.C. 2000) (holding that section 1367(d) tolled statute of limitations where federal case dismissed for lack of subject matter jurisdiction, and noting that it "does not require a successful assertion of federal jurisdiction" and does

6

not "differentiate among the possible reasons for dismissal, whether it be on the merits, or for jurisdictional reasons").

In 2002, the Fourth District Court of Appeal reached the same conclusion as Blinn in Scarfo v. Ginsberg, 817 So. 2d 919 (Fla. 4th DCA 2002). There, the plaintiff filed an action in state court less than a month after a federal court dismissed her case for lack of subject matter jurisdiction. Scarfo, 817 So. 2d at 920. The trial court dismissed the case for exceeding the limitations period. The Fourth District Court reversed, holding that section 1367(d) applied and explaining that the purpose of the tolling provision was to allow plaintiffs to pursue their federal claims in federal court without risking their state claims "should the federal claim prove unsuccessful." Id. at 921. The Fourth District reasoned:

> Section 1367(d) provides for a tolling of state law limitations on any state law claim asserted in federal court under section 1367(a). The only requirements are that the claim be asserted under section 1367(a). Plaintiff's dismissed claims arose under state law and they were asserted in federal court under section 1367(a). The mere fact that the federal court of appeals saw the question of the employers' liability under Title VII as an issue of subject matter jurisdiction does not change the text of section 1367.

Id.

Then, in 2011, the Florida Supreme Court addressed the issue in Krause. 59 So. 3d at 1088-91. The plaintiff in Krause filed his claims in state court less than one month after a federal court dismissed his case for lack of subject matter jurisdiction. Id. at 1087. The state court also dismissed the case for filing beyond the limitations period and the Second District Court of Appeal affirmed. Id. at 1088. In reversing, the Florida Supreme Court held that "[t]he plain text of the federal statute [section 1367(d)] does not, by its

7

terms, bar the application of the tolling provision where a claim is dismissed for lack of federal subject matter jurisdiction." Id. at 1090. It agreed with the analysis in Blinn and Scarfo, noting that the tolling provision "serves to prevent the limitations period from expiring while a plaintiff unsuccessfully pursues state claims in federal court in conjunction with federal claims." Id. at 1091. It determined that "[a]s we have explained above, the plain language of section 1367 leads us to conclude that the dismissal of a claim in federal court . . . for lack of subject matter jurisdiction, does not bar the applicability of the federal tolling provision in the subsequent state court action." Id.

The Official and Employee Defendants attempt to distinguish Krause, contending that it was "bottomed on the premise that the federal claims were at least plausible" and here, the Foleys' federal claims were frivolous. However, Krause makes no such distinction. It did not matter in Krause why the federal court found a lack of jurisdiction. See Krause, 59 So. 3d at 1091 (holding that applicability of tolling provision is not limited to instances where court declines to exercise supplemental jurisdiction solely for reasons under section 1367); see also Scarfo, 817 So. 2d at 921 (holding that "[t]he only requirements [under section 1367(d)] are that the claim be asserted under section 1367(a)" and later dismissed for lack of subject matter jurisdiction).

For these reasons, we conclude that section 1367(d) applies, as its text does not require a successful assertion of federal jurisdiction. Because the Foleys brought their state court claims within thirty days of the dismissal of their federal case, the trial court erred in finding that the statute of limitations barred their action.[3]

---

[3] The Official and Employee Defendants argue that if this Court finds that the amended complaint is not barred by the statute of limitations, we should affirm on tipsy coachman grounds because they are entitled to immunity from suit. Inasmuch as the trial

REVERSED and REMANDED.

TORPY, J., concurs.
BERGER, J., dissents with opinion.

---

court did not consider that issue, we decline to do so as well. We "cannot employ the tipsy coachman rule where a lower court has not made factual findings on an issue and it would be inappropriate for an appellate court to do so." <u>Bueno v. Workman</u>, 20 So. 3d 993, 998 (Fla. 4th DCA 2009).

BERGER, J., dissenting.                                        Case No. 5D18-145

While I agree with the majority that the Foleys' complaint was not barred by the statute of limitations, I would nevertheless affirm the order of dismissal under the tipsy coachman doctrine[4] because the record reflects that both the Official and Employee Defendants are entitled to immunity from suit.  See Willingham v. City of Orlando, 929 So. 2d 43, 50 (Fla. 5th DCA 2006) ("Judgmental or discretionary government functions are immune from legal action . . . ."); Grady v. Scaffe, 435 So. 2d 954, 955 (Fla. 2d DCA 1983) (finding public officials immune for actions taken in connection with public office).

---

[4] Under the tipsy coachman doctrine, "where the trial court 'reaches the right result, but for the wrong reasons,' an appellate court can affirm the decision only if 'there is any theory or principle of law in the record which would support the ruling.'"  Butler v. Yusem, 44 So. 3d 102, 105 (Fla. 2010) (emphasis is omitted) (quoting Robertson v. State, 829 So. 2d 901, 906 (Fla. 2002)).